IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA INTERNATIONAL UNION, and UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA INTERNATIONAL UNION LOCAL 320,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN EAGLE PROTECTIVE SERVICE, INC., and PARAGON SYSTEMS, INC.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT and DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br><br>Case No. 2:18-cv-00183-DN-CMR<br><br>District Judge David Nuffer |

Plaintiffs are labor organizations that represent employees in the governmental security services industry.[1] Defendants provide security for federal facilities and they employed security officers who were members of Plaintiffs working at various federal facilities in Utah.[2] Plaintiffs and Defendants were parties to a collective bargaining agreement spanning June 29, 2012, through July 31, 2015 ("CBA").[3] Plaintiffs' Complaint seeks declaratory relief under the CBA and to compel arbitration of a grievance involving Defendants' termination of a member employee, Michael Reid ("Reid").[4]

---

[1] Complaint ¶¶ 6-7, docket no. 2, filed Feb. 27, 2018.

[2] *Id*. ¶¶ 9-11.

[3] *Id*. ¶¶ 12-15.

[4] *Id*. at 2, ¶¶ 22-38.

The parties filed cross-motions for summary judgment regarding Plaintiffs' claims.[5] Plaintiffs argue that arbitration of the Reid grievance is mandated by the plain language of the CBA.[6] Defendants argue that Plaintiffs' claims are time barred,[7] and that the plain language of the CBA expressly excludes arbitration of the Reid grievance.[8]

Because the six-month limitations period of National Labor Relations Act ("NLRA") § 10(b) applies to Plaintiffs' claims, and because Plaintiffs filed their Complaint more than six months after Defendants refused to arbitrate the Reid grievance, Plaintiffs' claims are time barred. Therefore, Defendants' Motion for Summary Judgment[9] is GRANTED, and Plaintiffs' Motion for Summary Judgment[10] is DENIED.

**Contents**
UNDISPUTED MATERIAL FACTS ........................................................................................ 3
DISCUSSION ............................................................................................................................ 5
    The six-month limitations period of NLRA § 10(b) applies to Plaintiffs' claims .............. 6
        The six-month limitations period of NLRA § 10(b) is more analogous and significantly more appropriate than Utah's six-year statute of limitations for breach of contract ...................................................................................... 7
        The only Circuit Court of Appeals case that applied a state statute of limitations to an LMRA § 301 action to compel arbitration over NLRA § 10(b) supports the application of NLRA § 10(b) to Plaintiffs' claims in this case ........... 10
        Tenth Circuit case law involving other types of LMRA § 301 actions does not support application of Utah's six-year statute of limitations for breach of contract to Plaintiffs' claims in this case ................................................. 12
        The subsequent expiration of the parties' CBA does not remove the implication of federal labor law policies to Plaintiffs' claims to compel arbitration ....... 14
    Plaintiffs' claims are time barred by the six-month limitations period of NLRA § 10(b) 16
ORDER .................................................................................................................................... 17

---

[5] Plaintiffs' Motion for Summary Judgment, [docket no. 19](), filed Aug. 30, 2018; Defendants American Eagle Protective Service, Inc. and Paragon Systems, Inc.'s Motion for Summary Judgment ("Defendants' Motion for Summary Judgment"), [docket no. 22](), filed Aug. 30, 2018.

[6] Plaintiffs' Motion for Summary Judgment at 11-21.

[7] Defendants' Motion for Summary Judgment at 7-14.

[8] *Id*. at 15-20.

[9] [Docket no. 22](), filed Aug. 30, 2018.

[10] [Docket no. 19](), filed Aug. 30, 2018.

## UNDISPUTED MATERIAL FACTS[11]

1. Plaintiff United Government Security Officers of America International Union ("UGSOA") is a labor organization that represents employees in the governmental security services industry, including employees, represented by its local, Plaintiff United Government Security Officers of America, Local 320 ("Local 320"), in Utah. UGSOA maintains its headquarters in East Wareham, Massachusetts; Local 320 maintains its headquarters in Salt Lake City, Utah.

2. Plaintiffs are labor organizations representing employees in an industry affecting commerce, as defined in the Labor Management Relations Act ("LMRA").[12]

3. Defendant American Eagle Protective Services Corporation ("AEPS") is a corporation that provides security services for federal facilities in Salt Lake City, Utah; maintains a corporate headquarters in Austin, Texas; is an employer, as defined by the LMRA;[13] and was authorized to do business within the District of Utah at all relevant times.

4. Defendant Paragon Systems Inc. ("Paragon") is a security contractor with a corporate headquarters in Herndon, Virginia; is an employer, as defined by the LMRA;[14] and was authorized to do business within the District of Utah at all relevant times.

5. Plaintiffs were the exclusive bargaining agent at all times relevant for certain security guards (including Reid) employed by Defendants in Salt Lake City, Utah.

---

[11] The parties stipulated to Undisputed Material Facts 1 through 14. Stipulated Facts, docket no. 19-1, filed Aug. 30, 2018; Rule 56 Stipulated Facts, docket no. 22-2, filed Aug. 30, 2018. Undisputed Fact 15 was admitted by the parties in their pleadings. Complaint ¶ 27; Answer ¶ 27. And Undisputed Fact 16 is a matter of the docket record for this case.

[12] 29 U.S.C. § 152(5).

[13] 29 U.S.C. § 152(2).

[14] *Id.*

6.  At all times relevant, Plaintiffs and Defendants were parties to a CBA spanning June 29, 2012, through July 31, 2015.[15]

7.  Defendants employed Reid, a security officer; Reid was a member of Plaintiffs.

8.  On December 30, 2013, at 3:57 p.m., Ronald Osborne ("Osborne"), an employee of the federal Department of Homeland Security with oversight of the security contract between the federal government and Defendants, sent an email to AEPS Contract Manager Daniel Koning ("Koning"). The email states in part: "[Reid's] behavior is not acceptable and is unprofessional. . . . [T]his needs to stopped *[sic]* immediately."[16] The email was not provided to Plaintiffs or Reid upon or prior to Reid's termination.

9.  By a letter dated January 3, 2013, Defendants terminated Reid's employment. The letter states in part: "The termination is based on [Reid's] inability to conform to government and company standards."[17] Defendants provided the letter to Reid on January 6, 2013.

10. As of January 6, 2014, the termination letter was the only communication from AEPS or Paragon to Plaintiffs or Reid regarding the reasons for Reid's discharge.

11. Plaintiffs filed a grievance, alleging AEPS discharged Reid without just cause.[18] AEPS denied the grievance on or about January 29, 2014.[19]

---

[15] Collective Bargaining Agreement Between American Protective Services Corporation and the United Government Officers of America, International Union and its LOCAL #320 ("CBA"), docket no. 19-3, filed Aug. 30, 2018; *see also* docket no. 22-3, filed Aug. 30, 2018.

[16] Osborne Email to Koning dated Dec. 30, 2013, docket no. 19-4, filed Aug. 30, 2018; *see also* docket no. 22-4, filed Aug. 30, 2018. Plaintiffs do not concede the truth of the assertions in the email.

[17] Letter dated Jan. 6, 2014, docket no. 19-5, filed Aug. 30, 2018; *see also* docket no. 22-5, filed Aug. 30, 2018. Plaintiffs do not concede the truth of the assertions in the letter.

[18] Union Grievance dated Jan. 24, 2014, docket no. 19-6, filed Aug. 30, 2018; *see also* docket no. 22-6, filed Aug. 30, 2018.

[19] *Id.*

12. Plaintiffs appealed the grievance denial to arbitration by written notice to the Federal Mediation and Conciliation Service on February 28, 2014.

13. On June 1, 2015, at 9:51 a.m., Osborne sent an email to Koning. The email states in part: "Reid had several disciplinary actions taken by me . . . He was moved around to several post *[sic]* and spoken to by me. If [Koning] had not removed [Reid] from the contact *[sic]* I would have."[20]

14. By email dated August 11, 2015, to former UGSOA attorney Comeka Anderson Diaz, AEPS attorney Frank Davis provided an affidavit (dated August 10, 2015) of Koning concerning Reid's discharge. The affidavit states in part: "Following Reid's discharge, I advised the Union of the basis of the discharge, as described herein. As a result of the plain language in the CBA, I concluded that the decision to discharge Reid was not subject to arbitration . . . ."[21]

15. By email dated September 22, 2015, AEPS attorney Frank Davis stated to UGSOA attorney Robert Kapitan, "[f]or all of the reasons provided to Comeka [Anderson Diaz] in previous correspondence, AEPS does not agree that it is bound to arbitrate the Reid matter."[22]

16. Plaintiffs filed their Complaint in this case on February 27, 2018.

## DISCUSSION

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[23] A factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue

---

[20] Osborn Email to Koning dated June 1, 2015, docket no. 19-7, filed Aug. 30, 2018; *see also* docket no. 22-7, filed Aug. 30, 2018. Plaintiffs do not concede the truth of the facts or assertions in the email.

[21] Declaration of Daniel Koning, docket no. 19-8, filed Aug. 30, 2018; *see also* docket no. 22-8, filed Aug. 30, 2018. Plaintiffs do not concede the truth of the facts or assertions in the affidavit.

[22] Complaint ¶ 27; Answer ¶ 27 ("Defendants admit Frank Davis, an attorney representing AEPS, wrote an email to Robert Kapitan that contained, in part, the language quoted in Paragraph 27 of the Complaint.").

[23] FED. R. CIV. P. 56(a).

either way."[24] A fact is material if "it is essential to the proper disposition of [a] claim."[25] And in ruling on a motion for summary judgment, the factual record and all reasonable inferences drawn therefrom are viewed in a light most favorably to the nonmoving party.[26]

The parties agree that there is no dispute as to any material fact in this case.[27] Plaintiffs argue the undisputed material facts demonstrate that arbitration of the Reid grievance is mandated by the plain language of the parties' CBA.[28] Defendants argue that Plaintiffs' claims are time barred,[29] and that the plain language of the CBA expressly excludes arbitration of the Reid grievance.[30] Because the statute of limitations issue is dispositive of Plaintiffs' claims, the parties' other arguments are not addressed.

**The six-month limitations period of NLRA § 10(b) applies to Plaintiffs' claims**

Plaintiffs assert claims under LMRA § 301[31] for declaratory relief and to compel arbitration of the Reid grievance pursuant to the parties' CBA.[32] LMRA § 301 extends federal jurisdiction to "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce[.]"[33] However, there is no federal

---

[24] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

[25] *Id*.

[26] *Id.*

[27] Plaintiffs' Motion for Summary Judgment at 3; Defendants' Response to Plaintiffs' Motion for Summary Judgment ("Defendants' Response") at 8, docket no. 24, filed Sept. 26, 2018; Plaintiffs' Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Response") at 2, docket no. 25, filed Sept. 26, 2018;

[28] Plaintiffs' Motion for Summary Judgment at 11-21.

[29] Defendants' Motion for Summary Judgment at 7-14.

[30] *Id*. at 15-20.

[31] 29 U.S.C. § 185.

[32] Complaint ¶¶ 22-38.

[33] 29 U.S.C. § 185(a).

statute of limitations expressly applicable to LMRA § 301 actions.[34] Consequently, courts must "'borrow' the most suitable statute or other rule of timeliness from some other source."[35]

As a general rule, when no expressly applicable federal statute of limitations exists, courts assume "Congress intended that the courts apply the most closely analogous statute of limitations under state law[.]"[36] "In some circumstances, however, state statutes of limitations can be unsatisfactory vehicles for the enforcement of federal law."[37] In such instances, it is "inappropriate to conclude that Congress would choose to adopt state rules at odds with the purpose or operation of federal substantive law."[38] Therefore, "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, [courts] have not hesitated to turn away from state law."[39]

**The six-month limitations period of NLRA § 10(b) is more analogous and significantly more appropriate than Utah's six-year statute of limitations for breach of contract**

Plaintiffs argue that Utah's six-year statute of limitations for breach of contract should be applied to their claims because it is the most analogous state limitations period.[40] Defendants argue that the most analogous and appropriate limitations period for Plaintiffs' claims is the six-month limitations period for unfair labor practice claims under NLRA § 10(b).[41] The Tenth Circuit Court of Appeals has not addressed the appropriate limitations period for LMRA § 301

---

[34] *Garcia v. Eidal Int'l Corp.*, 808 F.2d 717, 719 (10th Cir. 1986).

[35] *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983).

[36] *Id.*

[37] *Id.* at 161.

[38] *Id.*

[39] *Id.* at 172.

[40] Plaintiffs' Response at 3-10; Utah Code Ann. § 78B-2-309(1)(b).

[41] Defendants' Motion for Summary Judgment at 7-13; 29 U.S.C. § 160(b).

7

actions to compel arbitration pursuant to a collective bargaining agreement. However, ten Circuit Courts of Appeals ("Circuit Courts of Appeals") have addressed the issue. Each adopted the six-month limitations period of NLRA § 10(b) rather than much lengthier state statutes of limitations for breach of contract.[42]

These Circuit Courts of Appeals recognize that "[u]nlike most contracts, collective bargaining agreements establish a grievance resolution process in order to insure a smoothly functioning labor-management relationship."[43] These grievance resolution processes generally involve arbitration, and "[a]rbitration is a policy at the heart of federal labor law, which has been, and will continue to be greatly favored by the courts."[44] "Arbitration is a core policy of the federal labor law because it brings about a 'final adjustment of differences by a means selected by the parties.'"[45]

"Refusal to arbitrate amounts to 'a direct challenge to the private settlement of disputes under [a collective-bargaining agreement].'"[46] "[T]he complex, delicately-balanced system of industrial relations comes under siege; the stability of the process is placed at risk; and the need for some efficacious restorative *[sic]* is correspondingly great."[47] Thus, "an action to compel

---

[42] *Commc'ns Workers of Am. v. Am. Tel. & Tel. Co.*, 10 F.3d 887 (D.C. Cir. 1993); *United Food & Commercial Workers Union Local No. 88 v. Middendorf Meat Co.*, 794 F.Supp 328 (E.D. Mo. 1992), *aff'd*, 991 F.2d 801 (Table), 1993 WL 96905 (8th Cir. 1993) (per curium); *United Food & Commercial Workers Local 100A, AFL-CIO & CLC v. John Hofmeister & Son, Inc.*, 950 F.2d 1340 (7th Cir. 1991); *Aluminum Brick & Glassworkers Int'l Union Local 674 v. A.P. Green Refractories, Inc.*, 895 F.2d 1053 (5th Cir. 1990); *Commc'ns Workers of Am., AFL-CIO v. W. Elec. Co., Inc.*, 860 F.2d 1137 (1st Cir. 1988); *McCreedy v. Local Union No. 971, UAW*, 809 F.2d 1232 (6th Cir. 1987); *Associated Brick Mason Contractors of Greater New York, Inc. v. Harrington*, 820 F.2d 31 (2d Cir. 1987); *Int'l Ass'n of Machinists & Aerospace Workers, Local Lodge No. 1688 v. Allied Prods. Corp.*, 786 F.2d 1561 (11th Cir. 1986); *Teamsters Union Local 315 v. Great W. Chem. Co.*, 781 F.2d 764 (9th Cir. 1986); *Fed'n of Westinghouse Indep. Salaried Unions v. Westinghouse Elec. Corp.*, 736 F.2d 896 (3d Cir. 1984).

[43] *McCreedy*, 809 F.2d at 1238.

[44] *Id*. at 1237.

[45] *W. Elec. Co., Inc.*, 860 F.2d at 1141 (quoting *McCreedy*, 809 F.2d at 1237).

[46] *Id*. (quoting *DelCostello*, 462 U.S. at 165) (alteration in original).

[47] *Id*.

arbitration is not readily analogous to a traditional breach of contract suit where damages are sought."[48] "Rather, this type of suit seeks to vindicate the vital interest of federal labor law in maintaining 'the system of industrial self-government . . . with its heavy emphasis on grievance, arbitration, and the law of the shop[.]'"[49]

The six-month limitations period of NLRA § 10(b) "sets 'the proper balance between the national interests in stable bargaining relationships and finality of private settlements,' and a party's interest in invoking the arbitral process under the collective bargaining system."[50] And because of this, the Circuit Courts of Appeals hold that when considering an action to compel arbitration, the limitation period in NLRA § 10(b) is more closely analogous than state statutes of limitations for breach of contract.

The Circuit Courts of Appeals also hold that there is significant reason to apply the NLRA's limitations period in LMRA § 301 actions to compel arbitration.[51] "This is particularly true when an employee grievance claiming wrongful discharge is at the root of the dispute" because such a discharge is an unfair labor practice under the NLRA.[52] When arbitration is the remedy for a grievance alleging a union member's wrongful discharge, "it is important that the remedy be promptly invoked and promptly administered—important to the named parties and especially important to the aggrieved employee union member, and to those in management who have had direct relationships with the grievant."[53] "A long period of controversy and conflict can be a serious burden, both for the grievant and for the management, and can poison the

---

[48] *McCreedy*, 809 F.2d at 1238.

[49] *W. Elec. Co., Inc.*, 860 F.2d at 1141 (quoting *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 63-64 (1981)).

[50] *Harrington*, 820 F.2d at 37 (quoting *DelCostello*, 462 U.S. at 171) (internal citations omitted).

[51] *Id*.

[52] *John Hofmeister & Son, Inc.*, 950 F.2d at 1347-48.

[53] *Great W. Chem. Co.*, 781 F.2d at 766.

9

relationship between the contracting parties that the contract was designed to establish and preserve."[54] And "a lengthy limitations period merely extends the time during which the dispute resolution system effectuated by arbitration remains in limbo, with increased possibility of memories fading, witnesses becoming unavailable, and documentary evidence disappearing."[55] "[S]uch a period of purgatory [also] may well interfere with intervening collective bargaining negotiations."[56]

Therefore, the Circuit Courts of Appeals hold that lengthy state statutes of limitations for breach of contract are inconsistent with federal labor law policy and are inappropriate for actions to compel arbitration of a collective bargaining agreement. The six-month limitations period of NLRA § 10(b) is significantly more appropriate.

The rational of the Circuit Courts of Appeals is persuasive. Moreover, "there is a certain value in achieving uniformity among the federal circuits in applying the same time limitations to suits to compel arbitration."[57] "[N]ational uniformity is particularly important when 'those consensual processes that federal labor law is chiefly designed to promote—the formation of the collective agreement and the private settlement of disputes under it' are implicated."[58]

**The only Circuit Court of Appeals case that applied a state statute of limitations to an LMRA § 301 action to compel arbitration over NLRA § 10(b) supports the application of NLRA § 10(b) to Plaintiffs' claims in this case**

Only a single case from the Eleventh Circuit Court of Appeals—*United Paperworks Int'l, Local #395 v. ITT Rayonier, Inc.*—applied a state statute of limitations to an LMRA § 301 action

---

[54] *Id*.

[55] *Am. Tel. & Tel. Co.*, 10 F.3d at 890.

[56] *Id*.

[57] *Id*. at 891.

[58] *John Hofmeister & Son, Inc.*, 950 F.2d at 1348 (quoting *DelCostello*, 462 U.S. at 162-163).

to compel arbitration over the NLRA § 10(b) limitations period.[59] But in that case, the most analogous state limitations period was Florida's one-year statute of limitations for specific performance of a contract.[60] The Eleventh Circuit distinguished its case from other cases involving less analogous state statutes of limitations for general breach of contract claims, and from cases with much lengthier state statutes of limitations, such as six years.[61] "Although one-year is admittedly twice as long as six-months, it is difficult to see how a statute of limitations that is only six months longer could frustrate or significantly interfere with the federal interest in resolving labor disputes quickly."[62] Therefore, the Eleventh Circuit held that "the one-year statute of limitations, although it interferes to some small degree with the federal policy of resolving labor disputes rapidly, does not frustrate or significantly interfere with that or any other federal policy."[63]

Under the same rationale the Eleventh Circuit used to distinguish *ITT Rayonier, Inc.* from cases that applied NLRA § 10(b) to actions to compel arbitration, *ITT Rayonier, Inc.* supports application of NLRA § 10(b) to Plaintiffs' claims in this case. Utah's statute of limitations for general breach of contract claims is less analogous to an LMRA § 301 action to compel arbitration than Florida's statute of limitations for specific performance of a contract and the NLRA § 10(b) limitations period.[64] And Utah's six-year limitations period would frustrate and interfere with federal labor law policies to a much greater degree than the one-year Florida

---

[59] *United Paperworks Int'l, Local #395 v. ITT Rayonier, Inc.*, 931 F.2d 832 (11th Cir. 1991).

[60] *Id*. at 833.

[61] *Id*. at 837-838.

[62] *Id*. at 837.

[63] *Id*.

[64] *Id*. at 838.

statute of limitations and the NLRA § 10(b) limitations period.[65] The Eleventh Circuit recognized: "[Other] courts had to choose between six months and six years. Given the federal interest in the speedy resolution of labor disputes, it is not surprising that each court chose the six-month period."[66] Therefore, despite applying a state statute of limitation over NLRA § 10(b), *ITT Rayonier, Inc.* supports application of NLRA § 10(b)'s six-month limitations period to Plaintiffs' claims to compel arbitration in this case.

**Tenth Circuit case law involving other types of LMRA § 301 actions does not support application of Utah's six-year statute of limitations for breach of contract to Plaintiffs' claims in this case**

In arguing that Utah's six-year statute of limitations should apply to their claims, Plaintiffs rely on two Tenth Circuit cases[67]—*Trustees of Wyoming Laborers Health and Welfare Plan v. Morgen & Oswood Constr. Co., Inc. of Wyoming*[68] and *Garcia v. Eidal Int't Corp.*[69] In these cases, the Tenth Circuit rejected application of the six-month NLRA § 10(b) limitations period in favor of lengthier state statutes of limitations for breach of contract.[70] But neither of these cases support Plaintiffs' argument.

In *Trustees of Wyoming*, the trustees of employee benefit pension and insurance funds (that had been established under the LMRA) sought to enforce the terms of trust agreements against an employer under the Employee Retirement Income Security Act.[71] The Tenth Circuit held that Wyoming's 10-year statute of limitations for breach of contract claims applied to the

---

[65] *Id.* at 837-838.

[66] *Id.* at 838.

[67] Response at 3-6.

[68] 850 F.2d 613 (10th Cir. 1988).

[69] 808 F.2d 717.

[70] *Id.* at 723; *Trusteed of Wyoming*, 850 F.2d at 621.

[71] 850 F.2d at 614-15.

12

trustees' claim to recover damages for unpaid employer contributions.[72] And in *Garcia*, plaintiff employees sued their employer and union alleging the employer entered a sham sale of its business to repudiated a collective bargaining agreement and evade its contractual obligations.[73] The Tenth Circuit held that if the employees could establish that the collective bargaining agreement was repudiated as alleged, then New Mexico's most analogous contract limitations period would apply to the employees' claim for breach of the collective bargaining agreement.[74]

The Tenth Circuit's determined that the plaintiffs' claims in these cases were most analogous to contract actions and did not implicate the federal labor law policies that warrant borrowing the NLRA § 10(b) limitations period.[75] The Tenth Circuit recognized that "[r]apid resolution of labor disputes may be desirable when the collective bargaining process is threatened because disputes between parties in collective bargaining can lead to strikes, lockouts, or other exercises of economic power." But the plaintiffs in *Trustees of Wyoming* were not employees; they did not sue the relevant union; and they were not subject to concerns of the employer wielding its economic power.[76] And while *Garcia* involved an employer's repudiation of the grievance and arbitration process of a collective bargaining agreement, the "crucial" point was that the repudiation was "part of [the employer's] unilateral effort to evade an undesirable bargaining agreement" in its entirety.[77] "When the contract has been *completely repudiated* and

---

[72] *Id*.

[73] 808 F.2d at 719.

[74] *Id*. at 723.

[75] *Id*. at 721-722; *Trustees of Wyoming*, 850 F.2d at 618-621.

[76] *Trustees of Wyoming*, 850 F.2d at 619.

[77] *Garcia*, 808 F.2d at 721.

the employer has closed down its business, the labor law policies that persuaded . . . adopt[ion of] the [NLRA's] uniform six-month statute of limitations are not applicable."[78]

The Tenth Circuit distinguished *Trustees of Wyoming* and *Garcia* from cases involving "the allegedly wrongful discharge of individual employees within the context of an otherwise established and continuing relationship between management and labor" where "[s]peed and finality in the resolution of disputes are the most relevant policies[.]"[79] But these are the circumstances involved in Plaintiffs' claims to compel arbitration of the Reid grievance in this case. Plaintiffs do not allege a complete repudiation of the parties' CBA by Defendants, and no evidence is presented to reasonable suggest a complete repudiation of the CBA.

Rather, this case involves the unions' and employer's differing views regarding the application of their CBA's arbitration procedures to the facts of the Reid grievance during their ongoing relationship under the CBA.[80] Unlike *Trustees of Wyoming* and *Garcia*, this case is the type of case that implicates the policy concerns that warrant borrowing the NLRA's limitations period.[81] Therefore, *Trustees of Wyoming* and *Garcia* do not support Plaintiffs' argument for application of Utah's six-year statute of limitations for breach of contract.

**The subsequent expiration of the parties' CBA does not remove the implication of federal labor law policies to Plaintiffs' claims to compel arbitration**

Plaintiffs argue that federal labor law policies are not implicated in this case because the parties' CBA has now—several years later—expired and the parties no longer have an ongoing

---

[78] *Id*. at 722 (emphasis added).

[79] *Garcia*, 808 F.2d at 722 (citing *Vaca v. Sipes*, 386 U.S. 171 (1967); *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554 (1976); *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56 (1981); *DelCostello*, 462 U.S. 151) (internal quotations omitted).

[80] *Supra* Undisputed Material Facts ¶¶ 1-7, 9, 11-12.

[81] *Trustees of Wyoming*, 850 F.2d at 619; *Garcia*, 808 F.2d at 721-722.

14

relationship.[82] This argument lacks merit. It is undisputed that Reid's termination occurred during the term of the parties' CBA,[83] and that Plaintiffs initiated the Reid grievance and demanded arbitration of the grievance's denial over a year before the CBA's term expired.[84] Defendants refused to arbitrate the Reid grievance from the outset and continued their refusal after the CBA's term expired.[85] It is also worth noting that Plaintiffs allege that the parties' relationship continued through 2018 by virtue of a successor collective bargaining agreement.[86] Therefore, Plaintiffs' claims to compel arbitration ripened when the parties' relationship under the CBA was ongoing and implicated by federal labor law policies.

Moreover, despite having ripe claims, Plaintiffs waited until over two and a half years after the CBA's term expired to seek to compel arbitration.[87] Federal labor law policies "encourage[s] prompt resolution of labor disputes."[88] They are designed to avoid "interfere[nce] with intervening collective bargaining negotiations."[89] They also avoid significant changes in circumstances that result from "extend[ing] the time during which the dispute resolution system effectuated by arbitration remains in limbo, with increased possibility of memories fading, witnesses becoming unavailable, and documentary evidence disappearing."[90] Federal labor law policies would be frustrated if a party could delay seeking relief.

---

[82] Response at 9-10.

[83] *Supra* Undisputed Material Facts ¶¶ 6, 9.

[84] *Id*. ¶¶ 11-12.

[85] *Id*. ¶¶ 13-15.

[86] Complaint ¶ 15. Defendants admit executing the successor CBA. Answer ¶ 15.

[87] *Supra* Undisputed Material Facts ¶ 16.

[88] *John Hofmeister & Son, Inc.*, 950 F.2d at 1348.

[89] *Am. Tel. & Tel. Co.*, 10 F.3d at 890.

[90] *Id*.

Because this case is a LMRA § 301 action to compel arbitration of a grievance alleging wrongful discharge pursuant to the parties' CBA, it "is irrevocably tied to federal labor [law] policy."[91] NLRA § 10(b) provides a closer analogy to Plaintiffs' claims than Utah's statute of limitations for general breach of contract claims. And the implication of important federal labor law policies to Plaintiffs' claims and the practicalities of litigation make the six-month limitations period of NLRA § 10(b) significantly more appropriate than Utah's six-year statute of limitations. Six years "is simply too long to allow industrial disputes to fester."[92] Therefore, the six-month limitations period of NLRA § 10(b) applies to Plaintiffs' claims.

### Plaintiffs' claims are time barred by the six-month limitations period of NLRA § 10(b)

"[A] cause of action to compel arbitration under a collective bargaining agreement accrues when one party clearly refuses to arbitrate the dispute."[93] The refusal to arbitrate must be unequivocal.[94]

Defendants assert—and Plaintiffs do not dispute—that they refused to arbitrate the Reid grievance when Plaintiffs initially demanded arbitration on February 28, 2014.[95] Defendants also undisputedly informed Plaintiffs of their position that the Reid grievance was not subject to arbitration on or about May 28, 2015, August 11, 2015, and September 22, 2015.[96] Nothing in

---

[91] *John Hofmeister & Son, Inc.*, 950 F.2d at 1348.

[92] *Id*. (quoting *Harrington*, 820 F.2d at 37).

[93] *A.P. Green Refractories, Inc.*, 895 F.2d at 1055 (citing *W. Elec. Co., Inc.*, 860 F.2d at 1141; *Niro v. Fearn Int'l, Inc.*, 827 F.2d 173, 177-178 (7th Cir. 1987); *McCreedy*, 809 F.2d at 1237; *Westinghouse Elec. Corp.*, 736 F.2d at 902); *see also Great W. Chem. Co.*, 781 F.2d at 769.

[94] *McCreedy*, 809 F.2d at 1237 (citing *Westinghouse Elec. Corp.*, 736 F.2d at 902); *Harrington*, 820 F.2d at 38.

[95] Defendants' Motion for Summary Judgment at 14.

[96] *Id*.; *supra* Undisputed Material Facts ¶¶ 14-15.

the record reasonably suggests that Defendants were equivocal in their position on these dates or thereafter.

Noticeably absent from Plaintiffs' Response to Defendants' Motion for Summary Judgment is any discussion or argument regarding the accrual date for their claims. Based on the undisputed material facts and record evidence, the latest date on which Plaintiffs' claims accrued was September 22, 2015, when Defendants clearly and unequivocally refused to arbitrate the Reid grievance. Plaintiffs filed their Complaint in this case over two years later on February 27, 2018.[97] Therefore, Plaintiffs' claims are time-barred by the six-month limitations period of NLRA § 10(b).

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment[98] is GRANTED and Plaintiffs' Motion for Summary Judgment[99] is DENIED. Plaintiffs' Complaint[100] and this action are DISMISSED with prejudice.

The Clerk is directed to close the case.

Signed June 11, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[97] *Supra* Undisputed Material Facts ¶ 16.

[98] Docket no. 22, filed Aug. 30, 2018.

[99] Docket no. 19, filed Aug. 30, 2018.

[100] Docket no. 2, filed Feb. 27, 2018.